UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FERNANDO RODRIGUEZ DELGADO,

     *Petitioner,*

v.                                Case No.: 3:26-cv-109-JEP-MCR

WARDEN RONNIE WOODALL,
et al.,

     *Respondents.*

_____/

## **ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on January 21, 2026. (Doc. 1). He argues that (1) he is subject to detention under 8 U.S.C. § 1226(a) and not § 1225(b); and (2) his prolonged detention violates the Due Process Clause of the Fifth Amendment because there is no significant likelihood that he will be removed in the reasonably foreseeable future (i.e., a *Zadvydas v. Davis*, 533 U.S. 678 (2001), claim). (Doc. 1 at 6-7). As relief, he seeks immediate release from ICE custody, or, in the alternative, an order directing ICE to provide him with a prompt bond hearing. (*Id.* at 8).

On February 25, 2026, the Federal Respondents filed a response contending that "ICE is detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b)(1)." (Doc. 8 at 3). However, the response also recognized that "Petitioner's order of removal became final" on September 30, 2025. (*Id.*; *see also* Doc. 1-2 at 14 (order of immigration judge dated December 30, 2025, denying Petitioner's request for a custody redetermination "because [a]n administratively final order of removal is currently in place")). Thus, on March 2, 2026, the Court directed the Federal Respondents to file an amended response. (Doc. 10). They did so on March 6, 2026. (Doc. 11).

According to the Federal Respondents, Petitioner was placed in expedited removal proceedings and his order of removal became final on September 30, 2025. (*Id.* at 2). Thus, they contend that "ICE is detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1231(a)," and because Petitioner had not been in ICE custody for six months following his order of removal becoming final, the Federal Respondents assert that his *Zadvydas* claim is premature. (*Id.* at 3-5).[1]

---

[1] Notably, following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021) ("§ 1231 explains what to do if the alien is ordered removed."); *see also Deshati v. Noem*, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025) ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Thus, insofar as Petitioner contends his detention is governed by § 1226(a), he is mistaken.

The Supreme Court in *Zadvydas* held that indefinite detention of aliens after a final order of removal raises serious constitutional concerns. 533 U.S. at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal.*" *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient

evidence establishing that there is "a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas* claims asserted prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052; *see also Ramos Alvarez v. U.S. Immigr. & Customs Enf't*, No. 3:25-cv-1038, 2025 WL 2591830, at *1 (M.D. Fla. Sept. 8, 2025).

Here, Petitioner was taken into ICE custody on May 28, 2025; his removal order became final on September 30, 2025; and he filed this case on January 21, 2026. At the time he filed this case, he had been detained for 113 days following his order of removal becoming final. Although Petitioner has now been detained for approximately 9 months, his *Zadvydas* claim was not ripe at the time he filed the petition.

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus (Doc. 1) is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on July 2, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

4

c:
Counsel of Record